STATE OF NEW JERSEY, PLAINTIFF-APPELLANT, v. LEONARD E. HATCH, DEFENDANT-RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued January 22, 1973—Decided February 23, 1973.

Before Judges FRITZ, LYNCH and ACKERMAN.

*Mr. John J. DeCicco,* Deputy Attorney General, argued the cause for appellant (*Mr. Fred H. Kumpf,* Deputy Attorney General, of counsel and on the brief; *Mr. George F. Kugler, Jr.,* Attorney General of New Jersey, attorney).

*Mr. Carl R. Lobel,* Assistant Deputy Public Defender, argued the cause for respondent (*Mr. Stanley C. Van Ness,* Public Defender, attorney).

PER CURIAM. We affirm, essentially for the reasons expressed by Judge Leahy below. 118 *N. J. Super.* 96 (Cty. Ct. 1972).

■■ Without diminishing the vitality of the truism that each individual is expected to know the law, we are satisfied that conviction for a crime of this nature without an at-

540

tendant showing of knowledge, actual or constructive, of the precise proscription involved, in a situation where defendant had reason to believe otherwise, as here, presents a sufficiently serious due process challenge to justify the result below. *Lambert v. California*, 355 *U. S.* 225, 78 S. Ct. 240, 2 L. Ed. 2d 228 (1957), reh. den. 355 *U. S.* 937, 78 S. Ct. 410, 2 L. Ed. 2d 419 (1958). We are not persuaded to the contrary by the argument of the State that the registration requirement of defendant's home state should have provided sufficient warning of the likelihood of licensing in New Jersey to constitute constructive knowledge.

It being unnecessary to the decision here, we intimate no opinion with respect to what the result might be were notice to be given, for instance by signs at points of entry to the State, advising transients of the necessity for a firearms purchaser identificaton card.

In the circumstances of this case, we affirm.